**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Anthony Schweder,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-16-08306-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner Jon Anthony Schweder's Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner also filed multiple other requests for relief (Docs. 38, 39, 40, 41, 42). Magistrate Judge Bridget Bade has issued a Report and Recommendation (R&R) in which she recommends that the Court deny the motions. (Doc. 43). Petitioner filed objections to the R&R. (Doc. 44). Petitioner has also filed a Motion for Oral Argument. (Doc. 46). Because objections have been filed, the Court will review the record on all relevant matters *de novo*. For the following reasons, the Court adopts the R&R and denies the motions. The Court also denies the Motion for Oral Argument.

**BACKGROUND**

On August 4, 2009, Petitioner was indicted in Navajo County Superior Court on five counts of sexual conduct with a minor and one count of unlawful age misrepresentation. The court acquitted Petitioner on the age misrepresentation count, but the jury convicted Petitioner of the five counts of sexual misconduct with a minor on

August 31, 2010.[1] The jury also found that the convictions were dangerous crimes against children. Petitioner was sentenced to five terms of thirteen years imprisonment, to be served consecutively.

On November 23, 2010, Petitioner filed a direct appeal to the Arizona Court of Appeals.[2] The direct appeal raised five issues: (1) whether the trial court abused its discretion by denying Petitioner's motion for *in camera* review of victim advocate materials; (2) whether the trial court abused its discretion by quashing subpoenas; (3) whether the trial court abused its discretion by denying Petitioner's request for the disclosure of a pre-trial interview with a witness; (4) whether the trial court abused its discretion by failing to vacate judgment; and (5) whether the alleged abuses of discretion violated Petitioner's constitutional rights. The Court of Appeals affirmed the convictions on March 20, 2010. Petitioner also filed a Notice of Post-Conviction Relief ("PCR") on January 4, 2012. Petitioner's *pro se* PCR petition was filed on November 21, 2012. The PCR petition raised ten grounds for relief: (1) ineffective assistance of counsel; (2) introduction of evidence at trial that was obtained pursuant to an unlawful arrest; (3) introduction of evidence at trial that was obtained pursuant to an unconstitutional search and seizure; (4) the State's use of perjured testimony; (5) suppression of evidence by the State; (6) double jeopardy; (7) violation of the right against self-incrimination; (8) the trial court's lack of jurisdiction over crimes that occurred in a different county; (9) submission of extrinsic evidence to the jury during deliberations; and (10) the existence of newly discovered evidence. The trial court denied the PCR petition on June 12, 2013, finding that claims of ineffective assistance of counsel lacked merit and that other claims were barred for failure to raise them on direct appeal. Petitioner filed for review in the Court of Appeals. The Court of Appeals denied relief and adopted the trial court's reasoning on February 12, 2015. Petitioner filed for review to the Arizona Supreme Court, which was denied on January 5, 2016. Petitioner also filed a "Pro-Per Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction" with the Arizona

---

[1] *State v. Schweder*, CR-2009-0063.
[2] *State v. Schweder*, No. 1 CA-CR 11-0028 (Ariz. Ct. App. 2012).

Supreme Court on November 30, 2016. There are no orders related to this filing in the record.

This federal habeas petition brought under 28 U.S.C. § 2254 was timely filed on December 23, 2016. Petitioner, incorporating by reference the grounds he raised to the Arizona Supreme Court in his Pro-Per Petition for Writ of Habeas Corpus, raises thirteen grounds: (1) the trial court lacked jurisdiction to enter guilty verdicts because the State produced no evidence of an essential element of dangerousness; (2) the trial court lacked jurisdiction to try Petitioner because the State engaged in a scheme to defraud grand jurors; (3) the trial court lacked jurisdiction to try dangerous offenses because Petitioner was not given sufficient notice; (4) a *Brady* violation from the State failing to turn over cell phone records; (5) evidence presented at trial was a product of an unconstitutional seizure; (6) Petitioner was illegally interrogated after an arrest was effected without an arrest warrant; (7) the trial court lacked jurisdiction to allow evidence of Petitioner's past contact with police officers; (8) the State knowingly presented perjured testimony at trial; (9) the trial court lacked jurisdiction to allow introduction of evidence of Petitioner's income and disability; (10) the trial court lacked jurisdiction to prevent Petitioner from introducing evidence of the victim's other sexual activity; (11) the trial court lacked jurisdiction to enter guilty verdicts where the jury instructions omitted the essential element of dangerousness; (12) ineffective assistance of trial and appellate counsel for failing to properly object to the above listed issues; and (13) the trial court lacked jurisdiction to try offenses on an indictment which cited void Arizona statutes.

**DISCUSSION**

**I.     Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court may not grant habeas relief unless Petitioner has exhausted his claims in state court, there is an absence of available state corrective process to exhaust the claim, or circumstances exist which render the state process ineffective to protect Petitioner's

rights. 28 U.S.C. § 2254(b)(1).[3] Nor may the Court grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Baldwin v. Reese*, 541 U.S. 27, 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). If a petitioner files timely objections to the magistrate judge's R&R, the district judge must make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## II. Analysis

Petitioner files multiple objections to the Magistrate Judge's R&R. First, Petitioner argues that the R&R misrepresents that Petitioner filed his petition pursuant to § 2254, when in fact Petitioner filed his petition pursuant to the U.S. Constitution. Section 2254 provides the means through which Petitioner may raise his constitutional claims. Petitioner's objection is without merit. Second, Petitioner seems to argue that because the indictment used the typeface of "JON ANTHONY SCHWEDER" and "STATE OF ARIZONA"—instead of "Jon Anthony Schweder" and "State of Arizona"—the State charged a corporate entity with the crimes and not Petitioner, a natural person. The capitalization of letters in a party's name has no legal significance and in no way indicates that the State intended to charge a corporate entity. This objection also lacks

---
[3] The Court, however, may deny the claim on the merits even if it is unexhausted. 28 U.S.C. § 2254(b)(2); *see Duncan v. Walker*, 533 U.S. 167, 183 (2001) (J. Souter concurring) (stating that the "AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims").

merit.

Third, Petitioner argues that the R&R falsely misrepresents that Petitioner was charged with sexual conduct with a thirteen-year-old girl. Petitioner asserts that he has never engaged in sexual conduct with anyone under eighteen. To the extent Petitioner is arguing that he was not charged with or convicted of sexual conduct with a minor, such a claim is false. Petitioner was indicted with charges of sexual conduct with a minor and was convicted of such charges. (Doc. 34, Exs. A, BB). To the extent Petitioner is asserting his actual innocence of such crimes, Petitioner has failed to present new evidence that would show innocence and to establish that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (quotation marks omitted).

Fourth, Petitioner argues that the R&R falsely misrepresents that a jury convicted Petitioner. This claim again appears to be based on an argument that by using a typeface with all-capitalization, the State failed to charge, try, or convict Petitioner. The typeface used has no impact on the validity of Petitioner's indictment or conviction. Fifth, Petitioner argues that the R&R misrepresents that Petitioner appealed to the Arizona Court of Appeals. Petitioner claims that because an "officer of the Court representing Defendant appealed," Petitioner himself did not appeal. (Doc. 44, p. 2). This distinction is irrelevant. Petitioner was represented by counsel on his direct appeal. There is no indication in the record and Petitioner makes no argument that this appeal was undertaken without his consent or knowledge or should not otherwise be charged to him. Sixth, Petitioner states that the R&R falsely misrepresents that Petitioner's Rule 32 PCR was denied on the merits. Petitioner states that the trial court ruling was robo-signed. The trial court did review Petitioner's PCR petition, and issued a thirty-six page ruling on the merits. (Doc. 34, Ex. KK). Whether the order was signed electronically does not affect the substance and validity of the order.

///

Seventh, Petitioner objects to the R&R's conclusion that the typeface used does not impact the indictment. Petitioner then appears to argue that because the State of Arizona was the prosecuting party, original jurisdiction of the case is vested in the U.S. Supreme Court. Petitioner believes this deprives the Navajo County Superior Court of jurisdiction to hear the case. Petitioner raises various other arguments that question the legal ability of the Navajo County Attorney to carry out prosecutions pursuant to the Arizona Constitution. It does not appear that Petitioner raised this argument in any of his state filings. Ground Thirteen of Petitioner's habeas petition alleges that Petitioner was convicted pursuant to void Arizona statutes. Petitioner did not raise Ground Thirteen during any of his state court proceedings. Petitioner did raise Ground Thirteen in a writ of habeas corpus to the Arizona Supreme Court, but that is not the proper vehicle to present habeas claims and does not count for exhaustion. *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Therefore, Petitioner's claims—whether raised for the first time in his Objections to the R&R or in Ground Thirteen—are unexhausted and procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). Petitioner has not shown cause and prejudice to excuse default. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

Eighth, Petitioner argues that he was not provided constitutionally effective notice because "Respondents have offered NO proof that notice was provided to the natural person Jon Anthony Schweder." (Doc. 44, p. 6). As this claim also relies on Petitioner's belief that the typeface used resulted in only a corporate entity being indicted and charged, this claim must fail. Petitioner did not raise a claim of lack of notice to the state courts, so this claim is unexhausted and procedurally defaulted. Petitioner has also not shown cause or prejudice to excuse default. Ninth, Petitioner argues that the R&R fabricated the same lies as the State did in addressing Petitioner's claim of *Miranda* violations. Petitioner has provided no evidence that the R&R's recitation of the facts is

erroneous. The R&R based its statement on the trial court's evidentiary hearing and the PCR trial court's opinion. Tenth, Petitioner argues that "the natural person, Jon Anthony Schweder, Petitioner, was NEVER provided appointed counsel." (Doc. 44, p. 7). Petitioner was provided both trial and appellate counsel. (Doc. 34, Exs. C, J–DD, FF). Any argument that a corporate entity was charged instead of Petitioner himself is without merit. Eleventh, Petitioner argues that he was never provided a constitutional trial by an impartial jury. The record reflects that Petitioner had a trial and was convicted by a jury. *Id.* at Ex. BB. Petitioner provides no evidence that jurors were improperly selected or that they acted with bias.

Finally, Petitioner also filed a Motion for Oral Argument. The Motion contains multiple arguments about the unconstitutionality of county attorneys and the structure of Arizona's criminal trials. The Court denies the Motion for Oral Argument, as Petitioner's claims are meritless and would not benefit from a hearing in front of the Court. To the extent the arguments contained within the motion are intended to be further objections to the R&R, the Court will not consider them as they are untimely.

## CONCLUSION

Petitioner's objections to the R&R are without merit. Petitioner's objections rely on erroneous and false statements of fact, and are otherwise procedurally defaulted.

**IT IS THEREFORE ORDERED:**

1. Magistrate Judge Bade's R&R (Doc. 43) is **ACCEPTED**.

2. The Petition for Writ of Habeas Corpus of Walter John Cox, Jr. (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is directed to enter judgment accordingly.

4. The Demands for Writ of Habeas Corpus (Docs. 38, 42), Motions for Release from Custody (Docs. 39, 40), and Stipulations and Admissions (Doc. 41) are **DENIED**.

4. The Motion for Oral Argument (Doc. 46) is **DENIED**.

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the

event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 26th day of June, 2018.

_G. Murray Snow_
Honorable G. Murray Snow
United States District Judge